### 22501. HUNSUCKER v. BALKCOM, Warden.

DUCKWORTH, Chief Justice. This is a habeas corpus case involving the application of a prisoner for determination of the legality of his detention in which he alleges he is illegally restrained of his liberty in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States and the Constitution of Georgia because he was not represented by counsel or advised of his constitutional right to counsel at the time he pled guilty to a felony under which sentence he is now being detained because of a promise by State officers that he would get a suspended sentence. He further alleges he has

been destitute financially, unable to employ counsel and ignorant of his rights. His testimony at the hearing was that the only person he discussed his case with was the sheriff and that he did not know the difference between larceny of an automobile (felony) and driving an automobile without the owner's permission (misdemeanor), and he did not have a conversation with the judge about a lawyer, nor did the judge advise him of his right to have a lawyer; that he was destitute, without family, his father dead, and his mother in the Milledgeville State Hospital; that he had finished only the fifth grade, did not know of his constitutional rights under the State and Federal Constitutions, but had he known of them he would not have pled guilty. On cross examination he admitted he also was sentenced to two years for escape. The warden testified and identified documents allowed in evidence showing that the prisoner was serving a sentence of not less than two nor more than three years for larceny of an automobile and that he has not completed this sentence. In addition, he testified that he has another sentence in his file of two years for escape, "said term commencing at the expiration of time now being served." The only evidence refuting the testimony of the prisoner in regard to the violation of his constitutional rights was an affidavit of the solicitor general stating that the prisoner was fully informed of his constitutional rights to an attorney by the court, that he was fully aware of the charge against him, did not want an attorney and understood the severity of the charge, and that no promises or threats were made to obtain the plea of guilty. Counsel for the petitioner objected to its admissibility on the grounds of hearsay and the denial of the right to cross examination of the witness, but the same was allowed in evidence. At the conclusion of the hearing the court remanded the prisoner back to the warden. The exception is to this judgment. *Held:*

1. Since the sentence for escape does not commence until the expiration of his sentence for larceny, the prisoner is not being detained under that sentence at this time, and its status will not be considered here.

2. This court having already held in *Camp v. Camp*, 213 Ga. 65 (97 SE2d 125), that ex parte affidavits should not be allowed in evidence in any trial where the evidence is finally adjudicated because it denies the privilege of cross examination as allowed by *Code* § 38-1705, the lower court erred in allowing

the affidavit in evidence over the objection made. Since we must hold that it was reversible error to allow the affidavit, which flatly contradicted the testimony of the applicant, another trial upon which the State has an opportunity to produce legal evidence is ordered. See Powell v. Alabama, 287 U. S. 45 (53 SC 55, 77 LE 158); Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461); *Fair v. Balkcom*, 216 Ga. 721 (119 SE2d 691).

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 11, 1964—DECIDED MAY 19, 1964— REHEARING DENIED JUNE 1, 1964.

*Oliver, Oliver & Gunter*, for plaintiff in error.

*Eugene Cook, Attorney General, Albert Sidney Johnson, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General*, contra.