23749. NICHOLS v. HEFFNER, Warden.

Submitted October 11, 1966—Decided November 10, 1966.

*Bert M. Garstin,* for appellant.

*C. B. Holcomb, Solicitor General,* for appellee.

Almand, Justice.  This appeal seeks a review of an order in Gilmer Superior Court which denied after a hearing the petition for the writ of habeas corpus of Vanus Nichols directed to Homer Heffner, Warden of the Public Works Camp of Gilmer County.  Petitioner alleged that his restraint was illegal because in July 1962, after being arrested under an indictment in Forsyth County Superior Court, charging him with the offense of armed robbery, and on his plea of guilty in November 1962, he was given a sentence of not less than 5 years and not more than 7 years.  He alleged that prior to his plea of guilty, he was not advised of his legal rights to counsel; that he was 18 years of age at the time of his trial; that he had completed only 8 years of school; that he was neither aware of his legal rights nor waived any of them and that he was thus denied the benefit of counsel.

The respondent warden filed his answer in which the material allegations of the petition were denied.  On the hearing, the court (1) on motion of the solicitor general representing respondent continued the hearing from June 18 until July 12, 1966, and (2) after hearing evidence remanded the prisoner to the custody of the respondent.  The appeal enumerates error on both of these orders.

■  The granting or refusing of a motion for continuance being in the discretion of the trial judge, it will not be disturbed unless manifestly, flagrantly or clearly abused.  *Code* § 81-1419; *McLendon v. State,* 205 Ga. 55 (2) (52 SE2d 294).  It was not error to grant the respondent's motion for a continuance.

■  The petitioner testified that he was confined to jail about

three months before he entered his plea. During this time, no one advised him of his right to counsel, though he requested Sheriff Barnett (now deceased) for counsel. Petitioner also testified that when he was brought before the court and entered his plea of guilty, neither the judge nor the solicitor general (neither of whom is in office at the present time) advised him of his right to counsel nor was any counsel appointed to represent him. At the time he entered his plea, his father, mother and sister-in-law were present in court. Three witnesses testified that neither the judge nor the solicitor general advised the petitioner of his right to counsel. The father testified that the prisoner made no request for the appointment of counsel nor did he make any request to the court. The father made no objection to the court as to his son entering a plea of guilty.

There was no evidence before the trial judge that the petitioner was unable to employ counsel or that either he or his parents made any request of the court to appoint counsel for him which was refused by the court.

This court in a full-bench decision in *Bradford v. Mills,* 208 Ga. 198 (3) (66 SE2d 58), held: "The allegations of the present habeas corpus petition, to the effect that the defendant entered a plea of guilty to the indictment 'without the advice of counsel,' are insufficient to charge that he was denied the privilege and benefit of counsel as provided by paragraph 5, article 1, section 1 of the Constitution of this State (*Code Ann.* § 2-105), since the petition fails to allege that he was unable to employ counsel, or that he desired or made any request for counsel, or that the court declined to appoint counsel to represent him. *Gatlin v. State,* 17 Ga. App. 406 (87 SE 151) ; *Sarah v. State,* 28 Ga. 576 (2) ; *Elam v. Rowland,* 194 Ga. 58 (20 SE2d 572)." The evidence discloses that the petitioner at the time he entered his plea was 18 years of age and had finished the 7th grade in school. There was no evidence that he did not understand what he was doing or comprehend the effect of his pleading guilty. We apply here the rule set forth in *White v. Grimes,* 216 Ga. 335 (1) (116 SE2d 561), as follows: "The record in this case failing to show that the petitioner, a person of mature age, at the time he entered his pleas of guilty in 1943, either requested the ap-

pointment of counsel or that the court refused to appoint counsel, it will be presumed that the trial judge performed his duties respecting the constitutional rights of the petitioner as to counsel and that he waived his right to counsel."

The court did not err in remanding the petitioner to the custody of the respondent warden.

*Judgment affirmed. All the Justices concur.*