24987. SHARPE v. SMITH, Warden.

SUBMITTED DECEMBER 10, 1968—DECIDED JANUARY 9, 1969—
REHEARING DENIED JANUARY 23, 1969.

*Grace W. Thomas,* for appellant.

*Arthur K. Bolton, Attorney General, B. Daniel Dubberly, William R. Childers, Jr., Deputy Assistant Attorneys General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.

GRICE, Justice. Milton Sharpe appeals from the judgment of the Superior Court of Tattnall County denying his petition for writ of habeas corpus and remanding him to the custody of Lamont Smith, Warden of Georgia State Prison at Reidsville.

His petition, insofar as necessary to recite here, makes the allegations which follow. He was unlawfully arrested and charged with three offenses of burglary. He was forced to admit the crime by police brutality, was indicted by an illegally selected grand jury, was placed on trial in the Superior Court of Muscogee County without the aid of counsel, and was sentenced to twelve to fifteen years imprisonment. He was "beguiled" into pleading guilty to a crime that he did not commit. The trial court refused to appoint counsel to represent him, without his having waived his right to it. Because the acts of the officials of the Superior Court of Muscogee County were contrary to the standards of the State and Federal Constitutions, his conviction and sentence are illegal and void.

The respondent's answer denied the essential allegations of the petition.

The Superior Court of Tattnall County, upon the introduction of evidence, entered findings of fact and law adverse to the petitioner's allegations. We have examined these findings and have concluded that they are authorized.

1. Petitioner's contention as to illegal arrest is not meritorious. From the facts that appear in the record his arrest was lawful. However, even if otherwise, this would not entitled him to be released upon habeas corpus. *Holder v. Beavers,* 141 Ga. 217 (80 SE 715) (one Justice absent).

2. His claim of coerced confession cannot be sustained. While he offered his testimony and that of a co-defendant in an effort to sustain it, this was denied by one of the officers to whom the confession was made. Furthermore, he plead guilty and no confession was used against him in the sentencing court.

3. The allegation that he was indicted by an illegally selected grand jury is unsupported by evidence, since the record shows no indictment was returned against him, but that he plead guilty and waived indictment.

4. Petitioner's position in respect to lack of counsel is untenable. Since he testified that he was employed when arrested, the habeas corpus court was authorized to find that he was not an indigent. The evidence is undisputed that he did not request the sentencing court to provide counsel for him. The facts here are quite similar to those in *Nichols v. Heffner*, 222 Ga. 706, 707 (152 SE2d 393), which we deem controlling here.

5. Finally, there is no evidence whatever that he was "beguiled" into pleading guilty when he was innocent. The then solicitor general testified that he freely and voluntarily plead guilty, after the charges and the possible punishment had been explained to him. There was no evidence that showed that the accused did not act voluntarily, knowingly and intelligently.

6. Since there is a presumption in favor of the validity of a sentence, especially where based upon a plea of guilty, the burden of overcoming this presumption is upon the prisoner. See *Dutton v. Parker*, 222 Ga. 532 (150 SE2d 833). In the case at bar there was ample evidence to sustain the findings of the habeas corpus court and therefore the petitioner failed to carry this burden.

*Judgment affirmed. All the Justices concur.*