### 35554. JONES v. LEE.

UNDERCOFLER, Presiding Justice.

The superintendent of the Stone Mountain Correctional Institution brings this appeal from the grant of Lee's petition for habeas corpus. In his petition, Lee claimed his guilty plea was not voluntary because he was not informed of his right to have an attorney appointed for him, that he did not understand the nature of the proceedings, that the trial court was not informed of the facts of the case, and that he was not informed of the maximum possible sentence which could be imposed. Lee testified in support of these allegations at the habeas hearing. The state then offered the transcript of Lee's guilty plea in defense. The habeas court refused to consider the transcript on the basis that it had not been previously transcribed and certified and made a part of the record as required by Code Ann. § 27-2401. Accord, Code Ann. § 6-805. Without the state's evidence, the habeas court ruled in favor of Lee. Superintendent Jones appeals. We reverse.

Lee relies on Code Ann. § 27-2401, which provides that the testimony in all felony *trials* be taken down and entered on the minutes of the court, if the defendant is found guilty. We note, however, that under Code Ann. § 27-1401, regarding arraignment, that "[t]he court shall receive the plea of the accused and enter such plea as is provided for hereinafter. In those cases wherein *a plea of not guilty is entered, the court shall set the case down for trial* at such time as shall be determined by the court." (Emphasis supplied.) Thus, we conclude that Code Ann. § 27-2401, supra, does not apply to guilty pleas. Compare Code Ann. §§ 27-1404 and 27-1405.

The United States Supreme Court, in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), mandated that the state make an affirmative showing

that a guilty plea is constitutionally valid. Accord, *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892) (1971). The state may accomplish this by offering the recorded guilty plea hearing or by filling a silent record by use of extrinsic evidence. *Roberts v. Greenway,* 233 Ga. 473 (211 SE2d 764) (1975); *Bailey v. Baker,* 232 Ga. 84 (205 SE2d 278) (1974). Therefore, the state on offering the transcript, satisfied its burden of going forward with the evidence, creating an issue of fact for the court's consideration. The habeas court thus erred in failing to consider the transcript of the guilty plea hearing on the ground that it was not timely filed under Code Ann. § 27-2401.

The habeas court also refused to consider the transcript because it had not yet been certified as part of the record of Lee's conviction by the trial court clerk. It, however, kept the record in the habeas hearing open to allow the state to have the transcript properly certified. This was done. Therefore, the habeas court erred in failing to consider the transcript for this reason also.

Since the habeas court refused to consider the evidence presented by the state, we must remand this case to the habeas court for reconsideration in light of this opinion.

*Judgment reversed and remanded. Nichols, C. J., Jordan, Hill, Bowles and Marshall, JJ., concur.*

SUBMITTED NOVEMBER 2, 1979 — DECIDED DECEMBER 5, 1979.

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellant.
*George N. Guest,* for appellee.