42375. BLACK v. HARDIN.
(336 SE2d 754)

WELTNER, Justice.

Hardin was convicted of the murder of her husband and was sentenced to life imprisonment. Her son, Davies, pleaded guilty to the murder and testified at trial that he shot his step-father because it was what his mother wanted. We affirmed the conviction on appeal. *Hardin v. State,* 252 Ga. 99 (311 SE2d 462) (1984).

Hardin's petition for a writ of habeas corpus was granted. The habeas corpus court concluded that several errors at the trial violated Hardin's constitutional rights and entitled her to a new trial. The state appeals from this judgment.

1. The habeas corpus statute, OCGA § 9-14-42, was amended to become effective on January 1, 1983 — three months before Hardin's conviction. The effect of the amendment was to limit the relief available by habeas corpus to errors or deficiencies which constitute "a substantial denial of . . . rights under the Constitution of the United States or of this state." OCGA § 9-14-42 (a). *Parker v. Abernathy,* 253 Ga. 673 (324 SE2d 191) (1985).

2. We recently applied the amended habeas corpus statute in *Valenzuela v. Newsome,* 253 Ga. 793 (325 SE2d 370) (1985), in which we held that a failure to make timely objection to an error or deficiency in the trial court constituted a wavier for purposes of habeas corpus review, absent the statutory exceptions of cause and prejudice shown, or a miscarriage of justice. 253 Ga. at 796.

3. In his concurring opinion to *Valenzuela,* Chief Justice Hill stated: "[A]lthough Georgia permits defendants in criminal cases to reserve their objections to jury instructions and enumerate them as

error on appeal . . . we should not permit defendants in criminal cases to reserve their objections to jury instructions and assert them as error in habeas corpus. . . . [T]he cause and prejudice requirement with its miscarriage of justice exception should apply to alleged errors in jury instructions in habeas corpus cases." Id. at 797.

This same logic applies alike to a failure to assert *any* alleged error or deficiency on appeal which fails, in and of itself, to constitute "a substantial denial of . . . rights under the Constitution of the United States or of this state." OCGA § 9-14-42 (a). Hence, under the statute, a failure to enumerate as error on appeal *any* alleged error or deficiency stands on like footing with a failure to make timely objection in the trial court — that is, the same shall be waived. Being waived, there then exists a procedural bar to its consideration in habeas corpus proceedings, under the same circumstances as pertain to like waivers in the trial court. *Valenzuela*, supra at 796.

4. The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus. However, an otherwise valid procedural bar will not preclude a habeas corpus court from considering alleged constitutional errors or deficiencies if there shall be a showing of adequate cause for failure to object or to pursue on appeal *and* a showing of actual prejudice to the accused. Even absent such a showing of cause and prejudice, the relief of the writ will remain available to avoid a miscarriage of justice where there has been a substantial denial of constitutional rights.

5. Many of the errors Hardin urged on habeas corpus were not of constitutional dimension, and were therefore beyond the purview of the writ. As to her constitutional claims the record is silent as to a "showing of adequate cause for failure to object or to pursue on appeal *and* a showing of actual prejudice to the accused." The record reflects no miscarriage of justice. Accordingly, Hardin's petition is beyond the scope of the writ of habeas corpus.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 27, 1985.

*Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellant.

*Andrew J. Ekonomou, Kirby G. Atkinson,* for appellee.