## S95A2005. HEATON v. LEMACKS.

(466 SE2d 7)

FLETCHER, Presiding Justice.

Using a form developed by the Administrative Office of Courts, Charles Edward Heaton filed an application for writ of habeas corpus. The trial court found that Heaton did not verify his petition properly and dismissed the application. Because a state statute specifically requires the use of AOC forms in filing a habeas corpus petition and Heaton completed the proper AOC form, we reverse.

1. Heaton was incarcerated in the Clayton County jail when he filed this application and the habeas court denied it. Contrary to the state's assertion, Heaton's subsequent transfer to the custody of the Department of Corrections does not moot his appeal.[1] It is the duty of the department as custodian to produce the petitioner as the superior court may direct.[2]

2. OCGA § 9-10-14 (a) provides that the AOC shall promulgate, and the Supreme Court shall approve, forms for inmates of state and local correctional institutions to use in actions against state and local governments, agencies, and officers. Subsection (b) prohibits the clerk of any court from accepting an inmate's complaint against a state or local government unless the pleading is on an AOC form and appropriately completed. To file a habeas corpus petition, a prisoner must complete Form AOC-5 entitled "Application for Writ of Habeas Corpus."

Heaton completed the proper form in filing his habeas corpus petition. He verified the application by signing his name immediately after the following paragraph: "I declare (or certify, verify, or state) under penalty of prejury (sic) that the foregoing is true and correct. Executed on *3/4/95.*" Although this statement does not meet the traditional form of verification,[3] it would be unfair to punish Heaton

---

[1] *James v. Hight,* 251 Ga. 563 (307 SE2d 660) (1983).

[2] OCGA § 9-14-46 (1993).

[3] See OCGA § 9-14-44.

for using a required form that this Court approved. Accordingly, we reverse the trial court's dismissal of his application and remand for a hearing on the merits of his petition.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 22, 1996.

*Michael R. Hauptman,* for appellant.

*Robert E. Keller, District Attorney, Michael J. Bowers, Attorney General, Foster & Foster, Larry A. Foster, John A. Kimbell,* for appellee.