## S96A1136. GAITHER v. GIBBY.

(475 SE2d 603)

BENHAM, Chief Justice.

Keith C. Gibby was convicted in 1993 of child molestation, aggravated child molestation, statutory rape, rape, incest, and criminal attempt to commit aggravated sodomy. The Court of Appeals affirmed his convictions in *Gibby v. State*, 213 Ga. App. 20 (443 SE2d 852) (1994). In 1995, Gibby filed an application for a writ of habeas corpus in the Superior Court of Ware County, asserting that he had been denied his constitutional rights to effective assistance of counsel and to confront his accusers, and that several of his convictions should have been vacated by operation of law. See OCGA § 16-1-7. In the midst of the hearing convened to hear Gibby's application, the habeas court declared it was ready to rule, and orally granted Gibby's

application for a writ of habeas corpus.[1] The habeas court followed its oral pronouncement with a written order in which the court determined that Gibby was being detained illegally because he had not been adequately represented at trial; because important issues had not been raised in Gibby's direct appeal; and because his conviction "was based entirely on hearsay evidence of a very questionable nature." Pursuant to OCGA § 9-14-52 (c), Warden Barry Gaither filed an appeal from the habeas court's decision.

1. One imprisoned after conviction of a crime and seeking discharge by means of a writ of habeas corpus has the burden of proving by a preponderance of the evidence that the judgment attacked is invalid because the prisoner's constitutionally-protected rights were violated in obtaining the judgment. OCGA § 9-14-42 (a); *Black v. Hardin*, 255 Ga. 239 (1) (336 SE2d 754) (1985); *Crawford v. Linahan*, 243 Ga. 161, 164 (253 SE2d 171) (1979). The habeas proceeding begins with the presumption the petitioner's judgment of conviction is valid, and that judgment of conviction may not lightly be set aside. Id. The respondent warden is entitled to a thorough and sifting cross-examination of each witness called by the inmate/petitioner (OCGA § 24-9-64), and is entitled to an opportunity to present evidence. See *Hunsucker v. Balkcom*, 220 Ga. 73 (2) (137 SE2d 43) (1964). In the case at bar, the habeas court terminated the proceeding in the middle of petitioner's examination of his trial counsel, thereby depriving the warden of his right to cross-examine that witness and any other called by the petitioner, and effectively preventing the warden from presenting evidence supportive of the presumption of the conviction's validity. Accordingly, we must vacate the habeas court's grant of the writ and remand the case for a full hearing before the habeas court.

2. We remind the habeas court that any issue raised and ruled upon in the petitioner's direct appeal may not be reasserted in habeas corpus proceedings (*Gunter v. Hickman*, 256 Ga. 315 (1) (348 SE2d 644) (1986)) and any issue that could have been raised in that appeal but was not, is procedurally barred from consideration in habeas corpus proceedings absent a showing of adequate cause for the failure to raise it earlier and a showing of actual prejudice. *Black v. Hardin*, supra, 255 Ga. 239 (4).

*Judgment reversed and case remanded with direction. All the*

---

[1] The habeas court stated:

I'm ready to rule on this. I find — I feel very strong about it. I've got the feeling here that what we have here might very well be an innocent man. I've had experience with DFACS before; they're pretty high-handed. They — they jerk you around. And with all due respect to [petitioner's trial counsel], I don't — and I'd think he'd be the first to admit that he's a much more experienced lawyer now. I don't think this fellow had a fair trial. And I think — and I'm going to grant the Writ of Habeas Corpus.

*Justices concur.*

DECIDED SEPTEMBER 9, 1996.

Michael J. Bowers, *Attorney General,* Mary Beth Westmoreland, *Deputy Attorney General,* Paula K. Smith, *Senior Assistant Attorney General,* Christopher S. Brasher, *Assistant Attorney General,* for appellant.
Keith C. Gibby, *pro se.*