S97A1431. STEWART v. THE STATE.
(494 SE2d 665)

HINES, Justice.

Theodore Stewart pled guilty to felony murder in 1985 in connection with the fatal shooting of a teller during an attempted armed robbery at a bank, and was sentenced to life imprisonment.[1] In February 1994, Stewart filed a pro se petition to withdraw his guilty plea, claiming that, as a 19-year-old with a limited education, he was misled, coerced and tricked into making the plea because of misleading information given him by the prosecutor and his court-appointed counsel. He maintained that he was placed under duress by conver-

---

[1] Stewart's co-indictee and the triggerman, Eddie Hambrick, was tried before a jury and convicted. *Hambrick v. State*, 256 Ga. 148 (344 SE2d 639) (1986).

sations with his counsel in which counsel represented to him, among other things, that if he failed to plead guilty he would be incarcerated for 40 to 50 years. He further claimed that the State had breached a plea agreement that he would be released in seven years. In February 1994, Stewart also filed a pro se motion for an out-of-time appeal again asserting such coercion and misrepresentation by counsel regarding the plea and the breach of a plea bargain, and that he first became aware that he could get an "appeal and fair trial" through talking with fellow inmates in 1994. The motion to withdraw the guilty plea was denied in September 1994, and the out-of-time appeal was denied in January 1997. Stewart appeals the denial of his motion for an out-of-time appeal.[2]

In order for an out-of-time appeal to be available to a defendant on the basis of alleged ineffective assistance of counsel, the defendant must have had the right to file a direct appeal, and in the case of a guilty plea, a direct appeal will lie only if the issue on appeal is capable of resolution by reference to facts on the record. *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997); *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). See also *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). Stewart alleges that his plea was rendered involuntary due in part to exchanges with his trial counsel which would not be reflected in the record of the plea. Thus, an out-of-time appeal is not warranted because issues of voluntariness of the plea and the effectiveness of trial counsel, which are bound together in this case, cannot be determined wholly by reference to the facts of record, but require development in a post-plea hearing. *Grantham* at 636; *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996). Consequently, Stewart's remedy is habeas corpus, and it was not error to deny his motion for an out-of-time appeal. *Grantham* at 636, citing *Morrow v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 1998.

Theodore Stewart, *pro se.*

Paul L. Howard, District Attorney, Carl P. Greenberg, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney

---

[2] Stewart filed another motion for an out-of-time appeal in February 1997, which was also denied, with the court finding that the pleading showed on its face such a complete absence of any justifiable issue of law that there was no reasonable expectation that Stewart could prevail. Stewart seeks review of only the January 1997 order.

*General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.