S99A0934. BYRD v. SHAFFER.
(523 SE2d 875)

FLETCHER, Presiding Justice.

The state appeals the grant of habeas corpus relief to Michael John Shaffer. Because the record supports the habeas court's findings that the state failed to establish that Shaffer waived his constitu-

---

[21] *Crumbley*, 261 Ga. at 611.
[22] 247 Ga. 461, 463 (276 SE2d 639) (1981).
[23] See OCGA § 42-8-34.
[24] Id.

tional rights in pleading guilty, we conclude that the guilty plea was not knowingly, voluntarily, and intelligently made and affirm.

According to the guilty plea transcript, the state was prepared to show through the testimony of Shaffer's half-brother Gary that Shaffer got drunk at a bar, displayed a pipe bomb, threatened to blow up the bar, and that Gary then removed the pipe bomb to his house and called the police. During the guilty plea hearing, the trial court did not inform Shaffer of the rights that he would be waiving by pleading guilty, including the right to the presumption of innocence, to remain silent, and to confront the sole witness against him. Towards the end of the guilty plea hearing, Shaffer contended that he did not believe the bomb was real and that although he had the bomb at one point, it was his half-brother who had possession of it that night. The trial court recognized that Shaffer was not admitting guilt, but without inquiring further, sentenced Shaffer to four years' imprisonment for terroristic threats and twelve months for carrying a deadly weapon.

1. After a hearing at which Shaffer testified and the state presented the guilty plea transcript and the testimony of Shaffer's counsel, the habeas court found that the state had not shown that Shaffer understood that by pleading guilty, he waived the presumption of innocence and the right to remain silent or to testify. A review of the record shows that the habeas court's findings regarding Shaffer's understanding of these consequences of a guilty plea are not clearly erroneous. Shaffer testified that his counsel did not go over the waiver of rights and his counsel testified that his typical practice was to go over the rights being waived. Because there was conflicting evidence regarding what Shaffer's counsel might have told Shaffer about the consequences of a guilty plea, the habeas court, as the finder of fact, was authorized to resolve the conflicts in the manner in which it did.[1]

2. In *Bowers v. Moore*,[2] this Court held that the state bears the burden in a habeas proceeding of establishing that the plea was knowingly, voluntarily, and intelligently made. If the state fails to make this showing either through the transcript of the guilty plea hearing or extrinsic evidence, then the guilty plea will be considered invalid.[3] *Nash v. State*[4] does not change the burden established in *Bowers*. *Nash* is inapplicable to habeas proceedings because the holding in that case was specifically limited to recidivism cases where the state is seeking to use a prior guilty plea to enhance punishment.[5]

---

[1] *Williams v. Caldwell*, 229 Ga. 453 (1) (192 SE2d 378) (1972).

[2] 266 Ga. 893 (471 SE2d 869) (1996).

[3] Id. at 895.

[4] 271 Ga. 281 (519 SE2d 893) (1999).

[5] Id. at 284 (we "conclude that the burden of production is on the recidivism defendant

Nothing in *Nash* or the cases upon which it relies warrants an extension of its narrow rule to this case.

3. Based on the habeas court's factual findings, we conclude that the state did not meet its burden of showing that Shaffer knowingly, voluntarily, and intelligently waived his constitutional rights in pleading guilty. Therefore, the habeas court did not err in granting the petition.

*Judgment affirmed. All the Justices concur, except Carley and Hines, JJ., who dissent.*

HUNSTEIN, Justice, concurring.

I concur fully in the majority's holding that the burden of proof remains with the warden, i.e., the State, in direct habeas proceedings to establish that the habeas petitioner's guilty plea was knowingly and intelligently entered under *Boykin*.[6] Although this holding is not constitutionally mandated, it represents the better policy position than an application of our holding in *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999) to direct habeas proceedings.

In *Nash* we recognized that the burden of proof should be placed on a recidivism defendant to establish that a guilty plea rendered in an earlier conviction, being used to enhance the sentence in the current conviction, was unconstitutional due to a failure to follow the *Boykin* procedures. Looking to *Parke v. Raley*, 506 U. S. 20 (113 SC 517, 121 LE2d 391) (1992) and relying primarily upon the presumption of regularity in the entry of judgments, including guilty pleas, we concluded that recidivism defendants were best positioned to carry the burden of proving the unconstitutionality of collateral convictions used to enhance sentence. *Nash*, supra at 285.

The situation is different in a habeas corpus proceeding filed by a defendant who pled guilty to the challenged conviction. A habeas petitioner challenging the voluntariness of a guilty plea can raise the issue only if it has not already been previously defaulted, i.e., was not an issue which was raised or could have been raised in a direct appeal from the conviction. *Black v. Hardin*, 255 Ga. 239 (4) (336 SE2d 754) (1985). In those situations where no timely direct appeal was brought from a conviction on a guilty plea, this Court has recognized that habeas corpus represents the sole remedy for a criminal defendant who subsequently asserts that the plea was not knowingly and voluntarily entered based on any matter which requires reference to facts outside the record. *Stewart v. State*, 268 Ga. 886 (494 SE2d 665) (1998). In these situations, habeas petitioners stand in

---

... when the defendant seeks . . . to challenge the validity of a prior guilty plea used to enhance a sentence in such proceedings.").

[6] *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

virtually the same position as defendants who directly appealed their guilty pleas. While there are few reported appellate opinions in this area, a substantial percentage of the applications for certificate of probable cause to appeal the denial of habeas corpus petitions involve pro se criminal defendants in the same situation as the defendant in *Stewart*, challenging the voluntariness of a guilty plea based on matters not reflected in the record.

Habeas proceedings represent for many pro se habeas petitioners the sole avenue available to have the validity and constitutionality of their guilty pleas reviewed by another court. Thus, while habeas proceedings may be deemed "collateral" to the direct appeal, these proceedings are not as "collateral" as the sentence enhancement proceedings at issue in *Nash* and *Parke v. Raley*, supra. Indeed, the Louisiana Supreme Court in *State v. Shelton*, 621 S2d 769 (La. 1993), on which we heavily relied in *Nash*, explicitly declined to shift the burden of proof from the state in any post-conviction proceedings other than sentence enhancement ("multiple offender") cases, leaving it to the state to prove the constitutionality of a guilty plea in a habeas corpus proceeding. Id., 621 S2d at 779, n. 23.

Accordingly, given the State's burden of proving the constitutionality of a guilty plea in the direct appeal, I conclude it is only just and equitable that the State carry the burden of proving the constitutionality of a guilty plea in the direct habeas proceeding. I would not extend the holding in *Nash* beyond its application to collateral sentence enhancement proceedings in non-death penalty cases.

CARLEY, Justice, dissenting.

In my opinion, the majority erroneously holds that, in a habeas corpus proceeding, the State has the burden of establishing that the petitioner's guilty plea was knowingly, voluntarily, and intelligently made. The State is not a party to this, or any other, habeas case. A petition for habeas relief institutes a civil, not a criminal, action. "It is a collateral attack that is separate and distinct from direct review, and occurs only after a prisoner has failed to obtain relief by direct appeal. [Cit.] It is not an extension of [a] direct appeal . . . . [Cit.]" *Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999). Accordingly, I believe that Shaffer, as the petitioner in this civil proceeding, properly bears the ultimate burden of proving that his guilty plea was not constitutionally valid. In addition to its conclusion regarding the burden of proof, the majority holds that the habeas court was authorized to resolve the conflicting evidence "in the manner in which it did." To the contrary, however, I believe that the habeas court premised its decision upon both a clearly erroneous finding of fact and a faulty legal analysis. Therefore, it is my opinion that this Court should vacate the judgment of the habeas court and remand the case, and I dissent to the affirmance of the order granting habeas

relief to Shaffer.

1. In *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), the Supreme Court of the United States required that the State make an affirmative showing on the record that a guilty plea is constitutionally valid. *Jones v. Lee*, 244 Ga. 837-838 (262 SE2d 130) (1979). However, *Boykin* was not a habeas corpus case, but a direct appeal from a criminal conviction and sentence entered on a guilty plea. This Court nevertheless held that, under *Boykin* and its progeny, the respondent in a habeas case may not rely upon a presumption, but must make an affirmative showing that the plea of guilty is constitutionally valid. *Roberts v. Greenway*, 233 Ga. 473, 476 (2) (211 SE2d 764) (1975); *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892) (1971). In 1992, however, the Supreme Court of the United States held that *Boykin* does not apply in collateral proceedings, such as habeas actions.

> To import *Boykin*'s presumption of invalidity into this very different context would . . . improperly ignore another presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitutional rights. [Cit.]

*Parke v. Raley*, 506 U. S. 20, 29 (II) (B) (113 SC 517, 121 LE2d 391) (1992).

In *Bowers v. Moore*, 266 Ga. 893, 895 (1) (471 SE2d 869) (1996), we cited this Court's decision in *Roberts v. Greenway*, supra, as authority for placing upon the respondent the burden of showing the validity of a guilty plea, but we failed to consider the effect of the opinion in *Parke v. Raley*, supra. See also *Knight v. Sikes*, 269 Ga. 814, 816 (2) (504 SE2d 686) (1998). In our recent decision in *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999), however, we applied *Parke* to collateral attacks on guilty pleas which are used for the purpose of sentence enhancement. There is no logical reason why a recidivism defendant during his trial should have a greater burden with respect to a prior guilty plea than a petitioner in his civil habeas action attacking his conviction. There is no material or conceptual difference between these two collateral attacks. See *Parke v. Raley*, supra at 29-30 (II) (B). Therefore, under *Parke* and *Nash*, *Boykin* is not applicable to any collateral attacks on final judgments in non-death penalty cases, and the burden is on the criminal defendant to prove by a preponderance of the evidence that his guilty plea was not knowingly and voluntarily entered. This holding is consistent with the well-settled principle that one who petitions for a writ of habeas corpus after conviction of a crime "has the burden of proving by a preponderance of the evidence that the judgment attacked is invalid because the prisoner's constitutionally-protected rights were violated

in obtaining the judgment. [Cits.]" *Gaither v. Gibby*, 267 Ga. 96, 97 (1) (475 SE2d 603) (1996). Thus, the logical import of *Nash* is to return Georgia to the proper pre-*Boykin* procedure, whereby the petitioner in a habeas corpus proceeding bears the burden of overcoming the presumption of the validity of the conviction and sentence entered on his guilty plea. See *Sharpe v. Smith*, 225 Ga. 52, 54 (6) (165 SE2d 656) (1969); *Dutton v. Parker*, 222 Ga. 532, 533 (150 SE2d 833) (1966). To the extent that *Roberts, Purvis,* or any other case misconstrues *Boykin* as authority for requiring the habeas respondent to prove the constitutionality of a guilty plea, those decisions are erroneous and, having been implicitly overruled in *Nash,* should now be overruled explicitly. This habeas action constitutes Shaffer's collateral attack on his convictions and sentences for non-capital offenses. Therefore, in accordance with the controlling authority of *Nash,* Shaffer has the burden to rebut the presumption of validity, and to prove by a preponderance of the evidence that he did not enter his guilty pleas knowingly and voluntarily.

2. Where, as here, the habeas petitioner presents some initial evidence that a constitutional infirmity exists, the respondent only has the burden of producing evidence of a waiver of three constitutional rights, which are the defendant's

> "right to trial by jury, [the] privilege against self incrimination, and [the] right to confront his accusers. If the [respondent] introduces anything less than a 'perfect' transcript, . . . the judge then must weigh the evidence submitted by the defendant and by the [respondent] to determine whether . . . defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver *of the three Boykin* rights." [Cit.]

(Emphasis supplied.) *Nash v. State,* supra at 285. A review of the habeas court's order shows that it was based, at least in part, upon the absence of proof that Shaffer properly waived the constitutional right to trial by jury. The habeas court specifically found that the Warden "did not show that the Petitioner understood that, by pleading not guilty or remaining silent and not entering a plea, one obtains a jury trial." The record demonstrates, however, that this finding is clearly erroneous. The guilty plea transcript shows that the trial court informed Shaffer, and that he affirmatively expressed his understanding, of the following: "If you plead not guilty you will be afforded a jury trial, but if you plead guilty this Court will impose sentence upon you as provided by law." This certainly constitutes a showing that Shaffer understood that he was waiving his constitutional right to trial by jury.

The habeas court also relied upon the erroneous legal theory

that Uniform Superior Court Rule 33.8 is a basis for granting habeas relief. Although that Rule requires the trial judge to inform the defendant that, by pleading not guilty, he waives the presumption of innocence and the right to testify, it is inapplicable here because "habeas corpus is available to review constitutional deprivations only. . . ." *Valenzuela v. Newsome*, 253 Ga. 793, 795 (2) (325 SE2d 370) (1985). See also *Black v. Hardin*, 255 Ga. 239 (1) (336 SE2d 754) (1985). Thus, the question of whether the requirements of USCR 33.8 "were violated is not cognizable in a habeas action. . . ." *Parker v. Abernathy*, 253 Ga. 673, 674 (324 SE2d 191) (1985). Compare *State v. Evans*, 265 Ga. 332, 333 (1) (454 SE2d 468) (1995) (non-habeas case holding that the provisions of USCR 33 are mandatory). Because it is clear that the habeas court relied on the absence of a waiver of non-*Boykin* rights, its order was based upon an erroneous legal theory and, therefore, cannot be affirmed. *Gwinnett County v. Davis*, 268 Ga. 653, 655 (492 SE2d 523) (1997).

Although the guilty plea transcript does not show any waiver by Shaffer of his privilege against self-incrimination or the right of confrontation, defense counsel's testimony and a plea questionnaire with each question initialed by Shaffer constitute extrinsic evidence of a valid waiver of those two remaining *Boykin* rights. Compare *Knight v. Sikes*, supra at 816-817 (2); *Bowers v. Moore*, supra at 895 (2). Furthermore, the transcript of the plea hearing indicates that the trial court not only informed Shaffer of his right to a jury trial, but also ascertained that he understood the meaning and consequences of a guilty plea and that he was entering such plea freely and voluntarily, without the influence of any promises or threats. Compare *King v. State*, 270 Ga. 367, 371 (1) (509 SE2d 32) (1998). In affirming the grant of habeas relief to Shaffer, the majority ignores the habeas court's erroneous finding of fact and legal theory, and relies instead only upon Shaffer's testimony that his trial attorney did not inform him of the waiver of his rights. Even acknowledging that Shaffer's testimony would otherwise be sufficient to authorize the grant of habeas relief, the judgment in this case nevertheless should "be vacated and the case remanded for this issue to be ' "considered under a correct theory of law because we cannot say what the [habeas] judge would have concluded if he had been relying on the correct theory. (Cit.)" (Cit.)' [Cit.]" *Gwinnett County v. Davis*, supra at 655. If the habeas court properly places the burden of proof on Shaffer, correctly considers all of the evidence which was adduced and does not rely upon inapplicable provisions of USCR 33.8, we cannot say that it would reach the same conclusion that it did here. Accordingly, I dissent to the judgment affirming the grant of habeas relief.

I am authorized to state that Justice Hines joins in this dissent.

DECIDED NOVEMBER 15, 1999.

*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellant.
*Marcus C. Chamblee, Stephen D. Pereira,* for appellee.