S00E1994. WILLIAMS v. HEAD.
(533 SE2d 714)

ORDER OF COURT.

Having considered the motion for stay of execution filed by Alexander Edmund Williams, the motion is hereby granted.

*All the Justices concur, except Hunstein and Hines, JJ., who concur specially, and Carley and Thompson, JJ., who dissent.*

HINES, Justice, concurring specially.

In the case of *Davis v. Turpin*, S00A0993, a majority of this Court has voted to consider whether execution by electrocution constitutes cruel and unusual punishment under the state or federal constitutions. Because that case is pending before this Court, I vote to grant a stay of execution in the present case.

I am authorized to state that Justice Hunstein joins in this special concurrence.

CARLEY, Justice, dissenting.

I cannot agree to or concur in the decision of the majority of this Court to grant a stay of execution in this case. The petitioner raped and murdered the 16-year-old victim on March 4, 1986, and, after conviction, and imposition of the death penalty by a jury, he was sentenced on August 29, 1986. All aspects of this case have been reviewed and re-reviewed thoroughly and completely by the Georgia trial court, the Georgia habeas court, this Court, the United States District Court, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court. *Williams v. State*, 258 Ga. 281 (368 SE2d 742) (1988), cert. denied, 492 U. S. 925 (109 SC 3261, 106 LE2d 606) (1989), reh. denied, 492 U. S. 938 (110 SC 25, 106 LE2d 637) (1989); state habeas relief denied on April 18, 1991,

application for certificate of probable cause denied by this Court on June 20, 1991, reh. denied by this Court on July 9, 1991, cert. denied, 502 U. S. 1103 (112 SC 1193, 117 LE2d 434) (1992), reh. denied, 503 U. S. 999 (112 SC 1709, 118 LE2d 416) (1992); federal habeas relief denied on September 2, 1994, remanded, *Williams v. Turpin*, 87 F3d 1204 (11th Cir. 1996) (published opinion), reh. denied, 1996 U. S. App. Lexis 21587 (11th Cir. 1996), relief again denied on remand on August 12, 1997, appeal after remand, *Williams v. Head*, 185 F3d 1223 (11th Cir. 1999) (published opinion), reh. denied on August 12, 1999, cert. denied, 530 U. S. 1246 (120 SC 2696, 147 LE2d 967) (2000). In these reviews, every viable contention by petitioner has been analyzed and either rejected on its merits or found to be procedurally defaulted under clearly established legal principles which are fair and just and replete with due process. There is no basis for further delay.

I respect and admire the sincerity of the position of my esteemed colleagues Justice Hunstein and Justice Hines who feel constrained to join the majority's decision to stay this execution solely because, on February 24, 2000, a majority of this Court granted a Certificate of Probable Cause in *Davis v. Thomas*, S98R0480. See also *Davis v. State*, 263 Ga. 5 (426 SE2d 844) (1993), and *Davis v. Thomas*, 266 Ga. 835 (471 SE2d 202) (1996). However, I submit that such constraint is misplaced and unjustified because the appeal resulting from this Court's grant of the Certificate of Probable Cause in *Davis* must be dismissed, at least as to the issue concerning whether death by electrocution is cruel and unusual punishment. That is so because, as to Mr. Davis, that issue was procedurally defaulted since it was not raised at the earliest opportunity. *Black v. Hardin*, 255 Ga. 239 (336 SE2d 754) (1985). Moreover, and perhaps more importantly, *subsequent* to the grant of the Certificate of Probable Cause in *Davis*, this Court has twice explicitly determined that death by electrocution is not cruel and unusual punishment. *Gissendaner v. State*, 272 Ga. 704 (15) (532 SE2d 677) (2000) (Benham, C. J., and Sears, J., dissenting); *Morrow v. State*, 272 Ga. 691 (17) (532 SE2d 78) (2000) (Sears, J., dissenting).

There being absolutely no basis for staying the execution for the purpose of awaiting the resolution of the electrocution issue in *Davis*, my oath of office as a Supreme Court Justice requires that I respectfully dissent to the grant of the stay.

I am authorized to state that Justice Thompson joins in this dissent.

ORDERED AUGUST 22, 2000.

*Mark E. Olive*, for appellant.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

*Powell, Goldstein, Frazer & Murphy, E. A. Simpson, Jr., C. Scott Greene, Linda G. Birchall, John R. Martin*, amici curiae.