A01A1764. HESTER v. THE STATE.
(555 SE2d 13)

ELLINGTON, Judge.

A Whitfield County jury found Eddie Weston Hester guilty of possessing marijuana with the intent to distribute, OCGA § 16-13-30. The trial court sentenced Hester to ten years imprisonment as a recidivist under OCGA § 17-10-7 (c). Hester appeals from the denial of his motion for new trial, contending the trial court erred in sentencing him as a habitual felon because the State failed to carry its burden of proving that two of Hester's four prior convictions were the result of knowing and voluntary guilty pleas. For the following reasons, we affirm.

Contrary to Hester's assertion, "the burden in non-death penalty cases is on the recidivism defendant rather than the State to prove by a preponderance of the evidence that a previous guilty plea was not knowingly and voluntarily entered." (Footnote omitted.) *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999). In this case, the State presented documentary evidence establishing that Hester had, in fact, entered guilty pleas to the contested felony drug charges. Hester failed to come forward with evidence sufficient to challenge the validity of either plea. Consequently, the court sentenced Hester as a recidivist. This procedure is consonant with the Supreme Court's rule which requires "the defendant to produce evidence of invalidity once the fact of conviction is proved." (Citations and punctuation omitted.) Id. at 284. We find no error.

Hester argues that because he contested the voluntariness of his guilty pleas in a habeas corpus hearing held prior to trial, the burden of proof also should have been on the State during his recidivism hearing. Hester's attempted end-run around the requirements of *Nash* fails for the following reasons. Although the State "bears the burden in a habeas proceeding of establishing that the guilty plea was knowingly, voluntarily, and intelligently made," *Byrd v. Shaffer*,

271 Ga. 691, 692 (2) (523 SE2d 875) (1999), this appeal is *not* from a habeas corpus proceeding. Although the bulk of the relevant evidence was initially introduced in the context of a prior civil habeas proceeding, that evidence was later imported into the criminal trial on the issue of recidivism upon Hester's own motion. Although Hester had the opportunity both to appeal the habeas court's findings and to present further evidence on the issue of the validity of his guilty pleas at sentencing, he failed to do either. Because this appeal is from a recidivism hearing, we review the trial court's decision under *Nash*, not *Byrd*. If Hester objected to the habeas court's decision, his remedy was to seek a certificate of probable cause to appeal to the Supreme Court of Georgia pursuant to OCGA § 9-14-52. This court lacks jurisdiction to consider an appeal from a habeas corpus proceeding. Id.; *Fullwood v. Sivley*, 271 Ga. 248, 250 (517 SE2d 511) (1999).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 21, 2001 —

*William W. Keith III, Todd M. Johnson*, for appellant.
*Kermit N. McManus, District Attorney, Forest L. Miles, Assistant District Attorney*, for appellee.