S02A1236. SCOTT v. WRIGHT.
(573 SE2d 49)

CARLEY, Justice.

Andrew Burl Wright is a prisoner in the custody of the Federal Bureau of Prisons (Bureau) within the State of Georgia in Fulton County. In this habeas proceeding, he challenged several state convictions based on guilty pleas, alleging that he was not properly advised of his rights. The application for habeas corpus relief was styled as being against only the Warden, but a simultaneously filed memorandum of law listed both the Warden and the State as respondents. The habeas petition was served on the Warden and on the Attorney General, and the Fulton County District Attorney acted as counsel for respondent. The Bureau denied the habeas court's request that Appellee be allowed to appear for hearings in this proceeding. Compare *Ponzi v. Fessenden,* 258 U. S. 254, 260-263 (42 SC 309, 66 LE 607) (1922); *Johnson v. Lowry,* 183 Ga. 207 (188 SE 23) (1936). The habeas court decided to proceed entirely through written evidence submitted by the parties, and ordered the District Attorney to file transcripts and other evidence upon which he would rely and

to serve Wright with all such submissions. Purporting to represent the State and the Warden, the District Attorney attached several transcripts of guilty plea hearings to his response brief. The habeas court granted relief, ruling that there was not any admissible evidence, as the only proof of service failed to indicate that the District Attorney served Appellee with the transcripts. The District Attorney filed a notice of direct appeal pursuant to OCGA § 9-14-52 (c). He urges that the habeas court erred in failing to consider the transcripts.

1. OCGA § 9-11-5 (b) describes how to effectuate service when required subsequent to the original complaint. That statute applies in habeas proceedings. See *Nelson v. Zant,* 261 Ga. 358, 359 (1) (405 SE2d 250) (1991); *Mitchell v. Forrester,* 247 Ga. 622 (278 SE2d 368) (1981). Under the enactment, "[s]ervice by mail is complete upon mailing. Proof of service may be made by certificate of an attorney. . . ." OCGA § 9-11-5 (b). Thus, such a certificate is prima facie proof of service.

The certificate of service which was filed by the District Attorney states that the response brief was served on Wright, but does not explicitly refer to the guilty plea transcripts. However, each of those transcripts was attached to the back of, and specifically referenced in, the brief. Thus, the transcripts were incorporated into the brief and did not have to be listed in the certificate of service separately from the brief itself. Neither the Civil Practice Act nor any other statute requires that a certificate of service specifically refer to attached exhibits. OCGA § 9-11-5 (b) generally provides how service and proof thereof may be made, and the District Attorney followed the provisions of that statute. When a subsequent pleading, a motion, or a brief specifically refers to attached exhibits, an accompanying certificate of service is prima facie evidence that the attachments were actually sent, even though the certificate does not expressly so state. *Costello v. Johnson,* 680 SW2d 529, 531-532 (Tex. App. 1984) (applying a court rule which, in pertinent part, is similar to the provision for a certificate of service in OCGA § 9-11-5 (b)). Because the record demonstrates that Appellee received the brief, it also shows that he received the documents referenced in and attached thereto.

There is no evidence in the record which rebuts the prima facie proof of service of the attachments to the response brief. Accordingly, the habeas court erred by excluding from its consideration the guilty plea transcripts. Therefore, we remand this case with direction that the habeas court consider those transcripts. See *Gaither v. Gibby,* 267 Ga. 96, 97 (1) (475 SE2d 603) (1996); *Jones v. Lee,* 244 Ga. 837, 838 (262 SE2d 130) (1979).

2. In conjunction with the remand, we also direct the habeas court to consider the jurisdictional posture of the case in light of our

recent decision in *Capote v. Ray*, 276 Ga. 1 (573 SE2d 25) (2002). Where, as here, a prisoner "is incarcerated in a federal prison in Georgia, venue for any habeas action brought by that inmate against the State is properly laid in the superior court for the county in which the inmate is being held by federal authorities." *Capote v. Ray*, supra at 2 (2). "When a habeas petitioner who seeks to challenge a Georgia conviction is not incarcerated by the Georgia Department of Corrections, his habeas corpus petition should be filed against the State of Georgia." *Capote v. Ray*, supra at 3 (3). The habeas petition here was not actually filed against the State, nor served on the District Attorney pursuant to OCGA § 9-14-45. However, the jurisdictional facts of this case are indistinguishable from *Capote*. Therefore, the habeas court is authorized on remand to release the Warden, leaving the State as the sole proper respondent, and Wright may effect proper service by regular mail on the District Attorney. *Capote v. Ray*, supra at 3 (3), 4 (4).

*Judgment reversed and case remanded with direction. All the Justices concur, except Benham, J., not participating.*

DECIDED NOVEMBER 25, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellant.

Andrew B. Wright, *pro se.*