S06A1632. ROLLAND v. MARTIN.
(637 SE2d 23)

CARLEY, Justice.

After being convicted of several counts of burglary and other charges in 2003, James Rolland filed a verified petition for writ of habeas corpus in 2005. The sole ground of the petition reads as follows: "The petitioner asserts that his trial counsel . . . rendered ineffective assistance . . . by abandoning the case, without filing a motion for new trial and notice of appeal after being informed by petitioner." Rolland subsequently filed a brief with an attached letter from the clerk of the trial court stating that Rolland's trial attorney did not file a motion for new trial or notice of appeal.

At the habeas hearing, Rolland indicated that he would rely on his brief and exhibits and that he would conduct cross-examination "at the end." The habeas court found that he "declined to present any evidence at this time and is going to go with the petition as is filed." The Warden did not produce any evidence, but rather asked the habeas court to deny the petition based upon Rolland's failure to produce evidence in support thereof. The habeas court denied relief and immediately returned Rolland to the custody of a deputy.

The habeas court subsequently entered a written order, finding that there was not any evidence that trial counsel abandoned the case, that Rolland ever requested him to pursue an appeal, or that the failure to pursue an appeal was the result of any action or inaction of counsel. Rolland appeals pursuant to our grant of his application for certificate of probable cause.

"The Civil Practice Act [CPA], OCGA § 9-11-1 et seq., applies in habeas corpus proceedings with regard to questions of pleading and practice. [Cit.]" *State v. Jaramillo*, 279 Ga. 691, 693 (2) (620 SE2d 798) (2005). Thus, especially where the petitioner appears pro se, "the notice pleading prescribed by the CPA is appropriate." *Mitchell v. Forrester*, 247 Ga. 622, 623 (278 SE2d 368) (1981). Furthermore, regardless of the precise procedural context, a "verified complaint serves as both pleading and evidence. [Cits.]" *BEA Systems v. Web-Methods*, 265 Ga. App. 503, 504 (595 SE2d 87) (2004) (interlocutory injunction). "A verified pleading may serve as the functional equivalent of an affidavit and suffice to create an issue of fact. [Cit.]" *Mountain Bound v. Alliant FoodService*, 242 Ga. App. 557, 560 (3) (530 SE2d 272) (2000) (summary judgment).

Rolland sufficiently verified his habeas petition by completing the required form. *Heaton v. Lemacks*, 266 Ga. 189 (2) (466 SE2d 7) (1996). The only logical construction of the petition is that trial counsel failed to file a motion for new trial or notice of appeal after Rolland had informed him to proceed with an appeal. Otherwise the failure to do so would not constitute an abandonment of the case. This allegation of abandonment was not merely a conclusion, but was a specific factual averment within Rolland's personal knowledge. See *Spires v. Relco, Inc.*, 165 Ga. App. 4, 5 (2) (299 SE2d 58) (1983); *Accredited Assoc. v. Shottenfeld*, 162 Ga. App. 575, 576 (1) (292 SE2d 417) (1982); *Foskey v. Smith*, 159 Ga. App. 163, 164 (283 SE2d 33) (1981). " '[T]he sworn petition, setting forth the factual and legal bases for plaintiff's case, was before the court, and this constituted evidence.' [Cit.]" *Harvard v. Walton*, 243 Ga. 860, 862 (2) (257 SE2d 280) (1979). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. [Cits.]" *Roe v. Flores-Ortega*, 528 U. S. 470, 477 (II) (A) (120 SC 1029, 145 LE2d 985) (2000). Therefore, the

allegations of the verified habeas petition served as evidence supporting the claim of ineffective assistance.

Accordingly, we reverse the denial of habeas corpus relief and remand this case with direction that the habeas court consider the verified petition as evidence, hear the case fully, and determine its merits in accordance with applicable law. See *Scott v. Wright*, 276 Ga. 12, 13 (1) (573 SE2d 49) (2002); *Nash v. State*, 271 Ga. 281, 286 (519 SE2d 893) (1999); *Gaither v. Gibby*, 267 Ga. 96, 97 (1) (475 SE2d 603) (1996). If the habeas court were to find that Rolland was denied his right to an appeal, the appropriate remedy would be the grant of an out-of-time appeal. *Ponder v. State*, 260 Ga. 840, 842 (1) (400 SE2d 922) (1991).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

James Rolland, *pro se.*

Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.