### S09A1981. JONES v. HENDERSON.
#### (684 SE2d 265)

NAHMIAS, Justice.

The appellant, Torron Jones, appeals the dismissal of his "summary judgment/declaratory judgment" action, which sought to have his conviction for armed robbery set aside. For the reasons that follow, we transfer the appeal to the Court of Appeals.

A prisoner whose liberty is being restrained by virtue of a sentence imposed by a state court of record may challenge his conviction and sentence through habeas corpus proceedings, generally filed in the county of incarceration, but must comply with the procedures governing such actions, see OCGA § 9-14-40 et seq. Pursuant to OCGA § 9-10-14 (a), the Administrative Office of the Courts has promulgated, and this Court has approved, forms for inmates of state and local correctional institutions to use in actions against state and local governments, agencies, and officers. *Heaton v. Lemacks*, 266 Ga. 189 (466 SE2d 7) (1996). OCGA § 9-10-14 (b) provides that a clerk of court shall not file an inmate's complaint against the state or a local government unless the pleading is on the appropriate form and is appropriately completed. Accordingly, to file a habeas corpus petition, a prisoner must complete AOC Form HC-1, entitled "Application for Writ of Habeas Corpus." See *Heaton*, 266 Ga. at 189-190 (prisoner properly completed AOC form for habeas corpus petition); *Donald v. Price*, 283 Ga. 311 (658 SE2d 569) (2008) (trial court erred by failing to dismiss without prejudice prisoner's mandamus action not filed on proper AOC form).

There is no authority for the "summary judgment/declaratory judgment" action filed by Jones, nor can it be considered a valid habeas corpus petition because it was not filed on the form promulgated for that purpose. Therefore, the trial court, when confronted with this procedure, did not err in dismissing the pleading without prejudice to Jones's right to file a proper habeas petition. After the trial court's ruling, Jones filed a notice of appeal directed to this Court but did not file an application for certificate of probable cause to appeal. However, because Jones was not authorized to seek relief from his conviction pursuant to a "summary judgment/declaratory

judgment" action, there is nothing for an appellate court to review and his direct appeal is subject to dismissal.

Rather than simply dismissing Jones's appeal, however, this Court must transfer the appeal to the Court of Appeals. Because Jones's action does not constitute a habeas action, because he was convicted of armed robbery, not murder, and because no other basis for this Court's jurisdiction appears from the record, the appeal must be transferred to the Court of Appeals. See Art. VI, Sec. VI, Pars. II and III of the 1983 Georgia Constitution.

*Appeal transferred. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

Torron Jones, *pro se.*

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Reggie A. Lampkin, Assistant Attorney General,* for appellee.