A10A2287. HILL v. THE STATE.
(701 SE2d 909)

ELLINGTON, Judge.

Michle A. Hill, pro se, appeals from the order of the Superior Court of Richmond County, which denied Hill's "Motion for Out of Time Withdrawal of Guilty Plea Due to Ineffective Assistance of Trial Counsel." Hill is serving a prison sentence for child molestation. For the following reasons, we affirm.

The trial court correctly found that, under the circumstances, Hill did not have a right to withdraw his guilty plea. "The trial court's authority to grant a motion to withdraw a guilty plea ends after the expiration of the term of court in which the plea was entered." (Citation omitted.) *Nguyen v. State*, 279 Ga. 875 (621 SE2d 463) (2005). Since Richmond County has six terms of court each year (OCGA § 15-6-3 (5) (C)), and nine years passed before Hill filed the instant motion to withdraw his plea, the motion was clearly filed outside of the term of court and, thus, the trial court had no authority to permit Hill to withdraw the plea. Id.

The trial court, therefore, treated Hill's motion as one for an out-of-time appeal. "An out-of-time appeal is occasionally appropriate where, due to ineffective assistance of counsel, no appeal has been taken. However, an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record." (Citations omitted.) *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). In his motion, Hill contended that his plea was not knowing and voluntary because his trial counsel was ineffective and persuaded him to plead guilty despite the existence of allegedly viable defenses. Evidence supporting these allegations is not reflected in the record of the plea. "Thus, an out-of-time appeal is not warranted because issues of voluntariness of the plea and the effectiveness of trial counsel, which are bound together in this case, cannot be determined wholly by reference to the facts of record, but require development in a post-plea hearing." (Citations omitted.) *Stewart v. State*, 268 Ga. 886, 887 (494 SE2d 665) (1998). Consequently, Hill's remedy is habeas corpus, and it was not error to deny his motion for an out-of-time appeal. Id.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 30, 2010.

Michle A. Hill, *pro se.*
*Ashley Wright, District Attorney,* for appellee.