# Court of Appeals
# of the State of Georgia

ATLANTA,  July 07, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0439. DAVID MARTIN v. TERRY N. MASSEY et al.**

In 2014, David Martin was convicted of aggravated child molestation and sexual battery and was sentenced to 25 years' imprisonment. This Court affirmed Martin's conviction on direct appeal. See Case No. A17A0606 (Mar. 29, 2017). Martin filed a habeas petition in 2020, which the habeas court denied.

In February 2022, Martin filed a civil action, in which he sought to set aside both the habeas judgment and his criminal conviction. The trial court dismissed the civil action, and Martin filed this application for discretionary review in the Georgia Supreme Court. The Supreme Court transferred the application here, explaining that the trial court

> did not treat, and could not have treated, [Martin's] action as one seeking habeas relief, because none of the named respondents are responsible for [his] current detention, see OCGA § 9-14-3 (2) (providing that a habeas petition shall state "the person restraining, the mode of restraint, and the place of detention as nearly as practicable"), and his petition for civil action was not filed on the Administrative Office of the Courts promulgated form for habeas petitions, see *Jones v. Henderson*, 285 Ga. 804, 804 (684 SE2d 265) (2009) (transferring appeal from order dismissing "summary judgment/declaratory judgment" action that could not "be considered a valid habeas corpus petition because it was not filed on the form promulgated for that purpose"). Accordingly, because [Martin] does not seek appellate

review of an order or judgment entered in a habeas case, and because no other basis for invoking this Court's appellate jurisdiction appears from [his] filing, . . . this application is transferred to the Court of Appeals.

Case No. S22D1091 (June 9, 2022).

Because Martin's civil action did not constitute a habeas case, it appears to have been a motion to set aside his criminal conviction. However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Consequently, this discretionary application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/07/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*