## 27106. HORTON v. DOWNS CONSOLIDATED SCHOOL DISTRICT et al.

DECIDED DECEMBER 3, 1938.

*E. W. Jordan,* for plaintiff.

*W. H. Lanier, solicitor-general, J. Paxson Amis,* for defendants.

MacINTYRE, J.   The judge to whom the petition was presented issued an order providing that the application for the validating of a proposed issue of bonds should be heard on May 2, 1938, and convoked a special term of the superior court of Washington County to be held on that date for the purpose of passing on such petition. However, for providential reasons, he failed to hold court on that day and recessed his court until May 6, 1938.   On May 6, 1938, W. H. Horton, the plaintiff in error, presented his application objecting to the issuance and validation of the bonds, and sought to be made a party to the proceeding, he being a citizen and taxpayer and resident of the school district in question.   The judge thereupon entered the following order:   "The above matter having been assigned for hearing on May 2, 1938, and no objections having been presented or filed at said time, and the matter coming on to-day to be heard, and the above objections being presented, on motion the objections are disallowed.   The objections, however, are ordered filed and made a part of the record.   May 6, 1938, R. N. Hardeman, Judge superior court."   The judge thereafter passed an order validating the bonds.   To the order disallowing the objections the plaintiff in error excepts.

A citizen and taxpayer and resident of the school district in question should not be prevented from filing his objections to the validation of the bond issue merely because he did not file his intervention on or before May 2, 1938.   We think, if he was otherwise a qualified objector, he should have been allowed a right to object by filing his intervention on or before the hearing on May 6, 1938.   Code, § 87-303, declares:   "Prior to the hearing of said cause [petition for validating bond issue], the clerk of the superior court of the county in which it is to be heard shall publish in a newspaper, at least twice before the hearing, a notice to the public that on the day specified in the order providing for the hearing of said cause the same will be heard."   Code, § 87-304, declares: "Within the time prescribed in the order, the judge of said superior court shall proceed to hear and determine all of the questions of law and of fact in said cause [petition for validating bond issue], and shall render judgment thereon. . ."   These sections would seem to indicate that, relatively to the time when any member of the public has a right to intervene, they were dealing in general

terms, and were not intending to say that the time of filing an intervention was forever past when the day the public was notified the case would be heard (that is, the day fixed in the judge's order), had passed, notwithstanding the fact that no hearing was had on that day but the court had recessed the hearing until four days later. There is nothing in these sections fixing the procedure for validating bonds that specifically requires a citizen and taxpayer to appear and plead on or before the time originally fixed for the hearing or be in default and lose his right to file such answer upon the call of the case. Our impression is strengthened in this matter by reason of the fact that the general rule of law relative to ordinary suits in this State is that, unless "in default" is marked on the docket by the trial court, it is error on the call of the case for a hearing to dismiss the defendant's answer because it was not filed in time. *Hall* v. *Tiedeman*, 141 *Ga.* 602 (81 S. E. 868).

The court erred in disallowing the objections on the ground that they were not presented in time, and in refusing the plaintiff in error an opportunity to present evidence sustaining these objections.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*