## A98A2318. ANDRIES v. THE STATE.
(512 SE2d 685)

BLACKBURN, Judge.

Todd B. Andries appeals his convictions, following a bench trial, for driving under the influence of alcohol to the extent that he was a less safe driver, see OCGA § 40-6-391 (a) (1), and driving under the influence of alcohol with a blood/alcohol concentration of .10 or more,

see OCGA § 40-6-391 (a) (5).[1] Andries contends that the trial court erred by admitting evidence of the results of a breath test taken by him following his arrest. For the reasons set forth below, we affirm the convictions.

Andries was pulled over for running a red light by Officer Daniel Brookheisen. Brookheisen testified that Andries smelled like an alcoholic beverage, had glassy eyes and slurred speech, appeared somewhat incoherent, and had difficulty interpreting instructions. Andries told Brookheisen that he was on his way home from a party and that he had consumed a few beers.

Brookheisen then called Officer Smail from the DUI Task Force to assist him. Smail asked Andries to perform the horizontal gaze nystagmus, nine-step walk and turn, and one-leg stand sobriety tests, all of which Andries failed. Smail also asked Andries to submit to an alco-sensor evaluation which tested positive for alcohol.

After being arrested, Andries was taken to a detention center where he submitted to a breath test using the Intoxilyzer 5000. This test showed a blood/alcohol concentration of approximately .16. Andries was subsequently charged for driving under the influence of alcohol to the extent that he was a less safe driver and driving with a blood/alcohol concentration greater than .10.

Andries contends that the trial court erroneously admitted the results of his Intoxilyzer 5000 breath test because the foundation for their admission was based on non-certified copies, rather than originals, of the machine's inspection certificates, which Andries argues do not satisfy the requirements of OCGA § 40-6-392 (f).

OCGA § 40-6-392 (f) provides one method for laying the foundation for the admission of such certificates of inspection needed to prove the validity of a breath test performed pursuant to OCGA § 40-6-392 (a) (1) (A). OCGA § 40-6-392 (f) states:

> Each time an approved breath-testing instrument is inspected, the inspector shall prepare a certificate which shall be signed under oath by the inspector and which shall include the following language: "This breath-testing instrument (serial no. _____) was thoroughly inspected, tested, and standardized by the undersigned on (date _____) and all of its electronic and operating components prescribed by its manufacturer are properly attached and are in good working order." When properly prepared and executed, as prescribed in this subsection, the certificate shall, notwithstanding any other provision of law, be self-authenticating

---

[1] Andries does not appeal his conviction for running a red light in violation of OCGA § 40-6-20.

[and] shall be admissible in any court of law.

Although Andries argues otherwise, his contention that non-certified copies of the inspection certificates were insufficient to prove the proper operation of the Intoxilyzer 5000, even if it were valid, would not require the reversal of his conviction for driving under the influence of alcohol to the extent that he was less safe to drive. The result of the Intoxilyzer 5000 test was merely cumulative of the other evidence of Andries' less safe state, including his glassy eyes, his incoherency, and his failure of field sobriety tests. As such, the admission of the breath test results was harmless in relation to the charge of driving under the influence to the extent of being less safe. *Chastain v. State*, 231 Ga. App. 225, 226 (2) (498 SE2d 792) (1998).

On the other hand, if it were found to be erroneous for the trial court to have admitted the photocopies of the certificates of inspection, Andries would have been harmed with regard to the per se driving under the influence charge, as the results of the Intoxilyzer 5000 breath test could be admitted only if it were shown that the machine was in proper working order. Accordingly, we must determine whether the photocopies of the inspection certificates were properly admitted into evidence pursuant to OCGA § 40-6-392 (f).

> Self-authenticating language in a statute cannot be ignored, and this Court must construe such provision in order to give meaning to the legislative intent. It is, of course, fundamental that the cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose. Although the legislative intent prevails over the literal import of words, where a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms.

(Punctuation omitted.) *Jackson v. State*, 233 Ga. App. 568, 572 (2) (b) (504 SE2d 505) (1998).

Unlike many other self-authentication provisions under the Georgia Code,[2] OCGA § 40-6-392 (f) does not require that copies must be certified to be admissible. As such, we must assume that, had the

---

[2] See, e.g., OCGA §§ 7-1-95 (admissibility of documents of Department of Banking & Finance); 40-5-2 (admissibility of records of application for licenses); 24-3-17 (admissibility of copies of records of Department of Public Safety).

legislature intended such a rule to apply to copies of certificates of inspection under OCGA § 40-6-392 (f), it would have expressly provided so. Therefore, we find that the trial court did not err in admitting photocopies of the certificates of inspection in this case.

Moreover, even if certification of the photocopies were required, prior to the admission of the certificates of inspection into evidence, Officer Smail, who performed the breath test on Andries, testified that he was familiar with the documents and that he recognized them as photocopies of the original certificate posted next to the Intoxilyzer 5000 machine on which Andries had been tested. After the introduction of such testimony, it was not error for the trial court to admit the certificates of inspection over the appellant's objection. See, e.g., *Jackson v. State*, 228 Ga. App. 877, 878 (1) (492 SE2d 897) (1997) (uncertified copy of defendant's driving record admissible where it was identified at trial by sworn witness).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 19, 1999 —
RECONSIDERATION DENIED MARCH 10, 1999 — 

*Bruce F. Morriss, Daniel Shim*, for appellant.

*Joseph J. Drolet, Solicitor, Dawn Belisle-Skinner, Assistant Solicitor*, for appellee.