A99A1656. HAY et al. v. DEVELOPMENT AUTHORITY OF
WALTON COUNTY et al.
(521 SE2d 912)

MILLER, Judge.
    Samuel Hay, a resident of Newton County, and Laurie Ford, a resident of Walton County, object under OCGA § 36-82-23 to the validation of a bond anticipation note granted to the Development Authority of Walton County and to the counties of Jasper, Morgan, Newton, and Walton.
    The initial validation hearing as required by OCGA § 36-82-21 was scheduled for October 29, 1998. Ford filed her objections and requested to be a party to the proceedings on October 28, and Hay did the same on the morning of October 29 prior to the hearing. On November 4, 1998, in an order recognizing the objectors as parties, the court dismissed the case due to Newton County's untimely filing of its acknowledgment of service and the absence of the district attorney.
    The case was re-filed and a hearing was held on January 12, 1999, that was continued on February 10, 1999. Hay and Ford refiled their objections and requests before the January 12 hearing date. On January 19, 1999, the objectors moved to recuse the judge in the case. Although the court noted that all the events and statements cited as support for the recusal order occurred in the case that was previously dismissed, the order was granted and three judges were recused on January 29. On March 5, 1999, the court, with a new judge presiding, validated issuance of the bonds and found that Hay and Ford were not proper parties to the proceeding due to their failure to comply with OCGA § 9-11-24.
    The court declared that Ford and Hay did not follow the intervention procedure set forth in OCGA § 9-11-24 (c), which requires:

A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Code Section 9-11-5. The motion shall state the grounds therefor and shall be

accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene.

OCGA § 36-82-23, the statute authorizing county residents to object to bond validation, provides: "Any citizen of this state who is a resident of the county, municipality, or political subdivision desiring to issue the bonds may become a party to the proceedings at or before the time set for the hearing."

The trial court concluded that OCGA § 36-82-23 "specifically provides for a mandatory intervention procedure." However, the statute does not contain the word "intervene," nor does it refer to the procedural requirements of OCGA § 9-11-24. If the legislature, in enacting OCGA § 36-82-23, intended the strict intervention procedures of OCGA § 9-11-24 to be used, it would have referenced the statute or at least used the term "intervene" or "intervention" when referring to the objecting residents. Cf. *ADC Constr. Co. v. Hall*, 191 Ga. App. 33, 34 (1) (381 SE2d 76) (1989). Indeed, when the legislature has intended such meaning, the term is used in the statute. See, e.g., OCGA §§ 2-10-33 (statute on the right of authority to declaratory adjudication of validity of lease contracts and intervention) ("[a]ny citizen of [this] state may intervene in such actions and assert any ground of objection"); 32-10-48 (statute on the right of authority to declaratory adjudication of lease contracts income to benefit of bonds being validated) ("[a]ny citizens of the state may intervene in such actions and assert any ground of objection"); 46-3-132 (d) (statute concerning validation of contracts for payments pledged as security for bonds) ("[a]ny citizen resident of this state may, at or before the time set for the validation hearing, intervene in the validation proceedings"). The term "intervene" has been used in a general sense to show compliance with the requirements of OCGA § 36-82-23 (formerly Code 1933, § 87-304), and is not intended to have a technical meaning requiring conformity with statutory intervention procedure. See *Horton v. Downs Consolidated School Dist.*, 59 Ga. App. 77, 78 (200 SE 469) (1938).

In interpreting statutes, the court applies the ordinary signification of words. OCGA § 1-3-1 (b). Ordinary signification of the words of the statute, including "may become a party," is simply that a citizen may become a party with no additional requirement other than being a resident of the county issuing the bond and requesting to become a party. Where a statute is plain and susceptible to one reasonable construction, the court has no authority to place a different construction and must construe it according to its terms. *Andries v. State*, 236 Ga. App. 842, 844-845 (512 SE2d 685) (1999). The words "may become a party" have a somewhat different meaning from "may intervene," and on the face of OCGA § 36-82-23, there is no man-

datory requirement of following the intervention procedure in OCGA § 9-11-24. Moreover, when a statute is silent as to the mechanism for intervention, a motion under OCGA § 9-11-24 cannot be held to be mandatory. *In re Martin*, 218 Ga. App. 79, 81 (2) (460 SE2d 304) (1995). OCGA § 36-82-23 does not provide for intervention by third parties, and we cannot say that becoming a party requires mandatory compliance with the procedure of OCGA § 9-11-24.

Finally, substantial compliance with a statutory requirement shall be held sufficient. OCGA § 1-3-1 (c). Hay and Ford substantially complied with OCGA § 36-82-23. Both are residents of the counties desiring to issue the bonds, and both objected and requested to become parties (Ford explicitly in her objection) to the proceeding at or before the time set for the hearing. Therefore, both became proper parties and should be allowed to participate in the proceedings for validation of the bond anticipation note.

The judgment is reversed and the case remanded with instructions to hold another validation hearing in which the objectors are allowed to participate as parties to the proceeding. This ruling moots the objectors' request for an emergency order under Court of Appeals Rule 40 (b).

*Judgment reversed and case remanded with instruction. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 2, 1999.

Samuel M. Hay III, *pro se.*

Laurie W. Ford, *pro se.*

*Alan A. Cook, District Attorney, Lambert & Roffman, Allan R. Roffman, W. Dan Roberts, William T. Craig, John W. Spence, William R. Childers, Jr.,* for appellees.