### A00A1308. HAY v. NEWTON COUNTY et al.
(538 SE2d 181)

POPE, Presiding Judge.

The Joint Development Authority of Jasper County, Morgan County, Newton County and Walton County (Joint Authority) and Jasper County, Morgan County, Newton County and Walton County

---

[20] (Citation omitted.) *Hightower v. Kendall Co.*, 225 Ga. App. 71, 73 (5) (483 SE2d 294) (1997).

[21] See id. at 73-74 (5).

(Counties) sought to issue $9,000,000 in revenue bonds to finance the acquisition and development of an industrial park. The Morgan County Superior Court entered an order validating the bonds on September 27, 1999. On October 6, 1999, appellant Samuel M. Hay III filed a motion to set aside the order validating the bonds; he also filed a notice of appeal on that date. The Joint Authority filed a petition requesting that Hay be required to post a supersedeas bond pursuant to OCGA § 50-15-2. The superior court entered an order requiring Hay to file a supersedeas bond in the amount of $35,000; the order further provided that Hay's appeal would be dismissed by operation of law if he did not file the bond within ten days of the order. OCGA § 50-15-2. Hay filed an emergency motion in this court seeking to stay the order requiring him to post the appeal bond. This court denied Hay's motion by order dated December 30, 1999. On January 19, 2000, Hay filed an "amended" notice of appeal, and on January 26, 2000, the superior court entered an order dismissing Hay's appeal "by operation of law" for failure to file the supersedeas bond. Hay filed another amended notice of appeal seeking to appeal that order as well as the superior court's previous adverse rulings. For the reasons that follow, we affirm the dismissal of Hay's appeal.

1. Hay first challenges the jurisdiction of the Morgan County Superior Court to validate the bonds. Hay contends that jurisdiction of these proceedings was properly in Walton County because the Counties and the Development Authority of Walton County had sought validation of bonds for the industrial park in the Superior Court of Walton County prior to the institution of the Morgan County proceedings. Hay had not been allowed to participate in the Walton County proceedings, based on the trial court's finding that Hay and another objector were not proper parties to those proceedings because they did not follow the intervention procedure set forth in OCGA § 9-11-24 (c). However, this court held that the trial court erred in requiring compliance with OCGA § 9-11-24 (c) and that OCGA § 36-82-23 allowed Hay to participate in the bond validation proceedings as a party without the necessity of filing a motion to intervene pursuant to OCGA § 9-11-24. *Hay v. Dev. Auth. of Walton County*, 239 Ga. App. 803, 804-805 (521 SE2d 912) (1999). We then "remanded [the case] with instructions to hold another validation hearing in which the objectors are allowed to participate as parties to the proceeding." Id. at 805. Hay contends, inter alia, that pursuant to this opinion, jurisdiction of these proceedings was properly in Walton County and the filing of the petition in Morgan County was merely to circumvent this court's decision. We find no merit to these contentions.

As an initial matter, the record shows that Hay was allowed to participate fully in the Morgan County proceedings and he has made

no contention that he was not allowed to participate in any subsequent Walton County proceedings in accordance with this court's prior opinion. Thus, we discern no basis for Hay's argument that the Morgan County proceedings were instituted to circumvent our opinion requiring that Hay be allowed to participate in the bond validation process.

Moreover, OCGA § 36-82-75 requires the petition for validation of bonds to be filed in the superior court in which the governmental body issuing the bonds is located. The record shows that the Joint Authority is incorporated in Morgan County and thus the present petition was properly filed in the superior court of that county. The Walton County Development Authority was the development authority involved in the Walton County action; the Joint Authority was not a party to the Walton County action and did not exist at the time that petition was filed. The Walton County bonds were to provide temporary financing for the project, and the Morgan County bonds were to provide permanent financing for the project, including the "refunding" of the Walton County bonds. Thus, it appears that the present proceedings were properly instituted in Morgan County.

2. The Joint Authority and Counties argue that this court has already determined that the imposition of the supersedeas bond was appropriate in the order we issued on December 30, 1999, and therefore this appeal should be dismissed without consideration of the merits.

> The Public Lawsuits Act [(OCGA §§ 50-15-1 to 50-15-4)] gives courts the authority to require a bond of any party who opposes a public improvement project in a public lawsuit. The purpose of the act is to protect the public from increased financial costs caused by the filing of non-meritorious or frivolous litigation against the project.

*Haney v. Dev. Auth. of Bremen*, 271 Ga. 403, 404 (1) (519 SE2d 665) (1999). The Act requires the court to conduct a hearing on the petition requesting the posting of a bond and gives the court the authority to set the amount of the bond if the court determines at the hearing that the posting of the bond is in the public interest. The Act further provides that the opposing parties or intervenors shall be dismissed by operation of law if the bond is not filed within ten days of the order. OCGA § 50-15-2. But our Supreme Court has made it clear that this dismissal by operation of law may be appealed. *Haney*, 271 Ga. at 405 (1). And in order to determine if the trial court abused its discretion in ordering the imposition of a surety or supersedeas bond, the appellate court must first determine whether the claims raised by the intervenors are meritorious. Id. at 406 (2); but see id. at 409

(Carley, J., dissenting). This is usually a determination that cannot be made before the appeal is docketed and the record is transmitted to the appellate court. Our December 30 order states that it was based on Hay's emergency motion and the trial court's order and was rendered prior to docketing and the receipt of the record by this court. Therefore, this order should not be read as addressing the merits of Hay's appeal.

3. Hay contends that the Counties' payments under their contracts with the Joint Authority are impermissible under state constitutional, statutory and case law. In support of this contention, Hay argues that the Counties cannot use their taxing authority to repay the bonds issued by the Joint Authority because the Joint Authority is not providing services or facilities that will be shared or used separately by any of the Counties as required by the intergovernmental contracts clause.

The resolution of this issue turns on whether the contracts between the Counties and the Joint Authority are valid intergovernmental contracts authorized by Art. IX, Sec. III, Par. I of our constitution (the intergovernmental contracts clause). *Clayton County Airport Auth. v. State of Ga.*, 265 Ga. 24 (1) (453 SE2d 8) (1995). The intergovernmental contracts clause permits, inter alia, development authorities and counties to enter into contracts "for joint services, for the provision of services, or for the joint or separate use of facilities or equipment; but such contracts must deal with activities, services, or facilities which the contracting parties are authorized by law to undertake or provide." Ga. Const. of 1983, Art. IX, Sec. III, Par. I (a).

> [T]here is no constitutional or statutory provision which specifies how the consideration necessary to support an intergovernmental contract must be expressed by the parties to such a contract. See *Nations v. Downtown Dev. Auth. of the City of Atlanta*, [256 Ga. 158, 160 (1) (345 SE2d 581) (1986)] (upholding an intergovernmental contract wherein the consideration was expressed in terms of "an amount equal to the debt service on the bonds issued"). The only requirement is that the intergovernmental contract itself "must deal with activities, services, or facilities which the contracting parties are authorized by law to undertake." . . .

*Clayton County v. State of Ga.*, 265 Ga. at 25 (1). Here the Joint Authority and the Counties are undertaking an activity clearly authorized by law, i.e., the development of trade and industry through the acquisition of an industrial park. See OCGA § 36-62-1 et seq. and Ga. Const. of 1983, Art. IX, Sec. VI, Par. III; see also OCGA § 48-5-220 (2). We thus find no merit to Hay's argument that the con-

tracts between the Counties and the Joint Authority are invalid under the intergovernmental contracts clause.

Hay also argues that the Counties cannot use their taxing power to pay the principal or interest on the bonds. See Ga. Const. of 1983, Art. IX, Sec. VI, Par. I.

> Although the bonds are obligations of the Authority and the Count[ies] cannot pledge [their] full faith and credit to pay them, the Count[ies] [do] have the "authority under (the intergovernmental [contracts] clause of) the Constitution, (cit.), to enter into contracts with the Authority and to pledge [their] full faith and credit and levy taxes to meet [their] contractual obligations pursuant to the law of contracts." *Thompson v. Municipal Elec. Auth. of Ga.*, 238 Ga. 19, 21 (5) (231 SE2d 720) (1976).

*Clayton County v. State of Ga.*, 265 Ga. at 26 (2). And OCGA § 48-5-220 (20) authorizes the Counties to "provide for financial assistance to county or joint county and municipal development authorities for the purpose of developing trade, commerce, industry, and employment opportunities."

In sum, none of the grounds asserted by Hay are meritorious. It follows that the superior court did not err in requiring him to post a supersedeas bond and that Hay's appeal was properly dismissed pursuant to OCGA § 50-15-2.

*Appeal dismissed. Miller and Mikell, JJ., concur.*

DECIDED AUGUST 11, 2000 —
RECONSIDERATION DENIED SEPTEMBER 19, 2000 —

Samuel M. Hay III, *pro se.*

*Fredric D. Bright, District Attorney, Lambert & Roffman, Allan R. Roffman, King & Spalding, Richard G. Woodward, William T. Craig, William R. Childers, Jr., W. Dan Roberts, John W. Spence,* for appellees.

*Chesnut & Livingston, J. David Chesnut, Arnall, Golden & Gregory, John L. Gornall, Jr., James F. Grubiak, Walter E. Sumner,* amici curiae.