## A05A0160. HAY v. NEWTON COUNTY et al.
### (615 SE2d 234)

PER CURIAM.

Samuel M. Hay III, pro se, appeals the trial court's order validating the Newton County Water Revenue Bonds, Series 2004.[1] He raises 14 enumerations of error, none of which is meritorious. Thus, we affirm the trial court's order validating the bonds issued on behalf of Newton County, Newton County Water and Sewerage Authority, the City of Covington, and the Walton County Water and Sewerage Authority.

Hay's brief includes no statement of facts or proceedings, and utterly fails to cite to the record to support his numerous factual allegations. This presentation violates Court of Appeals Rule 25 (a), (c) (3). "Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court." (Citation and punctuation omitted.) *Bennett v. Moody*, 225 Ga. App. 95, 96 (483 SE2d 350) (1997).

Basically, Hay contends that the trial court erred in concluding that the evidence Newton County presented at a public hearing established that the bond issue was sound, feasible, and reasonable. "Whether the County's bond proposal was sound, reasonable, and feasible is a determination of fact made by the trial court. And the trial court's findings of fact in a bond validation proceeding will not be set aside if there is any evidence to support it." (Citations omitted.) *Copeland v. State of Ga.*, 268 Ga. 375, 380 (5) (490 SE2d 68) (1997).

Further, the trial court noted in its order that "[a]t the hearing each side had an opportunity to present evidence and argument to the court. While presented the opportunity, the intervenor [(Hay)] presented no evidence during the presentation of his case." The court further noted that "the Intervention fails to validly address the soundness, feasibility or reasonableness of the Project or the Series 2004 Bonds."

> Since the burden is on the intervenor to come forward with evidence to support any affirmative defenses interposed by him against the petition by the state setting forth the validity of the bond issue, and the intervenor produced none, the trial court did not err in finding the program sound, reasonable, feasible and practical.

---

[1] We previously dismissed Hay's appeal of another order validating revenue bonds for Jasper, Morgan, Newton, and Walton Counties, because he failed to file a supersedeas bond as ordered by the trial court. *Hay v. Newton County*, 246 Ga. App. 44 (538 SE2d 181) (2000).

(Citations, punctuation and footnote omitted.) *Rich v. State of Ga.*, 237 Ga. 291, 295 (2) (227 SE2d 761) (1976). Thus, we must affirm the trial court's order validating the bonds at issue here.

Additionally, Hay raises numerous arguments that were not argued before the trial court. We will not consider issues neither presented to nor ruled on by the trial court, but raised for the first time on appeal. *Crouch v. Federated Mut. Ins. Co.*, 257 Ga. App. 604, 608 (d) (571 SE2d 574) (2002).

*Judgment affirmed. All the Judges concur.*

DECIDED MAY 24, 2005.

Samuel M. Hay III, *pro se.*
*King & Spalding, Ranse M. Partin, William T. Craig*, for appellees.

