**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 26, 2013**

# In the Court of Appeals of Georgia

A13A0861. SHERMAN v. DEVELOPMENT AUTHORITY OF
    FULTON COUNTY et al.

McFADDEN, Judge.

This appeal arises from a bond validation proceeding in which the State of Georgia petitioned the Fulton County Superior Court for a judgment approving the issuance of certain taxable revenue bonds by the Development Authority of Fulton County ("DAFC") and validating the bonds and various bond security documents. See OCGA § 36-62-1 et seq. John S. Sherman appeals from the order of the trial court validating and confirming the bonds and bond security. Because Sherman lacks standing, we dismiss the appeal.

Thirteen days after the state filed the petition, Sherman filed a document entitled "Notice of Becoming Party to Bond Validation Petition Proceeding," in which he gave notice that he thereby became a party to the proceedings for purposes of stating his objections to the bond validation. DAFC moved to strike Sherman's notice on the ground that Sherman was required to follow the intervention procedures of OCGA § 9-11-24 (c) in order to become a party.

The trial court denied the motion to strike, finding that under the authority of *Hay v. Dev. Auth. of Walton County*, 239 Ga. App. 803 (521 SE2d 912) (1999), Sherman's notice was sufficient to authorize him to participate as a party. Eventually, the trial court entered an order validating and confirming the bonds, and Sherman filed this appeal.

Before we can reach the merits of the appeal, we must consider whether Sherman has standing to appeal. See *St. John's Melkite Catholic Church v. Comm. of Revenue*, 240 Ga. 733, 734 (242 SE2d 108) (1978) (standing considered sua sponte on appeal); *In the Interest of W. L. H.*, 314 Ga. App. 185, 186 (723 SE2d 478) (2012) (same). "The constitutional and procedural concept of 'standing' falls under the broad rubric of 'jurisdiction' in the general sense, and . . . a plaintiff with standing is a prerequisite for the existence of subject matter jurisdiction." *Blackmon v. Tenet*

2

*Healthsystem Spalding*, 284 Ga. 369, 371 (667 SE2d 348) (2008) (citations omitted)."[S]tanding is in essence the question of whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues, and litigants must establish their standing to raise issues before they are entitled to have a court adjudicate those issues." *Sherman v. City of Atlanta*, 293 Ga. 169, 171 (2) (744 SE2d 689) (2013) (punctuation, citations and emphasis omitted).

After this appeal was docketed, we decided *Sherman v. Dev. Auth. of Fulton County*, 321 Ga. App. 550 (739 SE2d 457) (2013) (whole court). Overruling the contrary holding in *Hay*, supra, 239 Ga. App. at 804-805, we held that a person must follow the intervention procedures of OCGA § 9-11-24 in order to become a party to a bond validation proceeding. *Sherman*, 321 Ga. App. at 554-555 (1). Under OCGA § 9-11-24 (c),

> [a] person desiring to intervene shall serve a motion to intervene upon the parties as provided in Code Section 9-11-5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene.

The question, then, is whether the holding in *Sherman*, 321 Ga. App. at 554-555 (1) applies retroactively to this case. We conclude that it does. The general rule

3

is that judicial decisions apply retroactively, unless the decision itself expresses that it should be given prospective effect or the equities favor prospective application under the three-pronged test set forth in *Chevron Oil v. Huson*, 404 U. S. 97 (92 SCt 349, 30 LE2d 296) (1971). *Findley v. Findley*, 280 Ga. 454, 459-460 (1) (629 SE2d 222) (2006). Compare *Atlanta Oculoplastic Surgery v. Nestlehutt*, 286 Ga. 731, 744 (691 SE2d 218) (2010) ("When this [c]ourt applies a rule of state law to the parties before it . . . then that rule is the controlling interpretation of state law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.") (Nahmias, J., concurring specially) (citation and punctuation omitted). The criteria of *Chevron Oil* require a court to:

> (1) Consider whether the decision to be applied nonretroactively established a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. (2) Balance . . . the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation would further or retard its operation. (3) Weigh the inequity imposed by retroactive application, for, if a decision could produce substantial inequitable results if applied retroactively, there is ample

4

basis for avoiding the injustice or hardship by a holding of nonretroactivity.

Id. at 457 n. 1 (1).

Applying these principles to the case at hand, we conclude that *Sherman*, 321 Ga. App. at 554-555 (1), should be given retroactive application because we did not state that our decision should be applied only prospectively and the equities favor retroactive application under the three prongs of *Chevron Oil Co.*, 404 U.S. at 106-107 (II).

As for the first prong, while *Sherman*, 321 Ga. App. at 554-555 (1), did overrule precedent, that does not end the inquiry. *Griffin v. Bankston*, 302 Ga. App. 647, 650 (1) (a) (691 SE2d 229) (2009). "Indeed, the general rule is that a decision overruling prior precedent is applied retrospectively." Id. Our decision was foreshadowed by the trial court's ruling in that case -- involving the same parties as are involved in this case -- that because Sherman did not follow the intervention procedure set forth in OCGA § 9-11-24, he was not a proper party to the proceedings. *Sherman*, 321 Ga. App. at 554-555 (1). At a minimum, after the trial court made that ruling in December 2011, Sherman knew there was a question about the procedure required to become a party. "Therefore, the first prong of the test does not demand a

prospective application of the new legal principle established in [*Sherman*, 321 Ga. App. at 554-555 (1)]." *Griffin*, 302 Ga. App. at 650 (1) (a).

As for the second and third prongs, we observe that our decision changed a procedural rule, not a substantive law, and changes to procedural rules generally operate retroactively. See *Mason v. The Home Depot U.S.A.*, 283 Ga. 271, 278-279 (4) (658 SE2d 603) (2008); *A. H. Friedman, Inc. v. Augusta Burglar Alarm Co.*, 186 Ga. App. 769, 771 (3) (368 SE2d 534) (1988). And, as noted, Sherman was on notice that there was conflict on this issue, and he could have avoided this result simply by filing a motion to intervene, which would have been granted as a matter of right. See OCGA § 36-82-77 (a). Retroactive application in this circumstance does not produce substantial inequitable results.

> In sum, the first prong does not compel prospective application of the new [procedural] rule announced in [*Sherman*, 321 Ga. App. at 554-555 (1)], while the second and third prongs counsel in favor of retroactive application of the rule to all pending cases. Thus, the equities favor applying [our decision] retroactively to the present case under the three-pronged test of *Chevron Oil Co.*, 404 U. S. at 106-107 (II).

*Griffin*, 302 Ga. App. at 651 (1) (a).

6

OCGA § 36-82-77 (a) gave Sherman the right to intervene so long as he was a citizen of the state and a resident of Fulton County. See *Sherman v. City of Atlanta*, supra, 293 Ga. at 173 (3). But he was required to follow the steps of OCGA § 9-11-24 (c). "Sherman could intervene in this bond validation proceeding — but he had to do so in the proper way, following the basic procedures . . . that are required to become a party." *Sherman v. City of Atlanta*, 293 Ga. at 175 (4) (citation omitted).

"[B]ecause [Sherman] lacked standing to become [a] part[y] in the trial court, [he] also lack[s] standing to appeal the trial court's judgment." Id. at 169. For these reasons, Sherman's appeal must be dismissed. Id. at 176 (5).

*Appeal dismissed. Doyle, P. J., and Boggs, J., concur*.