296 Ga. 725
FINAL COPY

S14A1507. GREENE COUNTY DEVELOPMENT AUTHORITY et al. v.
STATE OF GEORGIA et al.

BLACKWELL, Justice.

Lake Oconee Academy, Inc. is a nonprofit corporation, and pursuant to a contract with the Greene County Board of Education, the Academy operates a local, public charter school in Greene County.[1] To finance the construction of a facility for the use of the Academy, the Greene County Development Authority proposed in 2014 to issue $14 million in revenue bonds.[2] In connection with its proposal to issue these bonds, the Authority entered into an intergovernmental agreement with Greene County, whereby the County contracted to pay amounts over to the Authority for repayment of the indebtedness on the bonds, amounts that the County contemplated would be raised by an ad valorem tax. The Authority also proposed a lease agreement with the Academy, whereby the Academy generally would have use of the facility for so long as the indebtedness on the bonds remained outstanding, and the

---

[1] See generally OCGA § 20-2-2060 et seq. (Charter Schools Act of 1998).

[2] See generally OCGA § 36-82-60 et seq. (Revenue Bond Law).

Authority would sell the facility to the Academy for $1 when that indebtedness was retired. The State of Georgia filed a petition to validate the bonds, and several Greene County residents intervened to object to validation. Following a hearing, the trial court refused validation on several grounds. The County, the Authority, and the Academy appeal, and we affirm.

When presented with a petition for the validation of revenue bonds, a trial court must consider whether the proposal to issue those bonds is "sound, feasible, and reasonable." Berry v. City of East Point, 277 Ga. App. 649, 650 (1) (627 SE2d 391) (2006). The trial court in this case found that the Authority's proposal was not sound, feasible, and reasonable, and it refused validation on the basis of that finding, among other grounds. As this Court has explained before, whether a proposal to issue bonds is sound, feasible, and reasonable is a question for the trial court, and its findings about soundness, feasibility, and reasonableness must be sustained on appeal if there is any evidence to support them. Copeland v. State of Ga., 268 Ga. 375, 379 (5) (490 SE2d 68) (1997). See also Hay v. Newton County, 273 Ga. App. 423, 423 (615 SE2d 234) (2005); Carter v. State of Ga., 93 Ga. App. 12, 20-21 (7) (90 SE2d 672) (1955). Although the record in this case might not have demanded a finding that the

2

Authority's proposal was not sound, feasible, and reasonable, we conclude that it permitted such a finding. Cf. Carter, 93 Ga. App. at 20-21 (7) ("It is sufficient to say that while [the evidence] does not demand a finding that the project is reasonable, sound and feasible, yet it is sufficient to authorize such finding . . . .").

The trial court here did not explain in its order exactly why it found that the proposal was not sound, feasible, and reasonable, but the appellants do not appear to have asked for any detailed explanation of that finding, and we can glean from the record some concerns about the proposal that the trial court may have had. To begin, we note that the purpose of the proposal was to promote economic development in Greene County, and there was testimony from an expert witness that, generally speaking, improving the quality of education in a community will improve the prospects for economic development, a proposition that the trial court acknowledged as an indisputable one. The expert offered only scant and conclusory testimony, however, about the *particular* impact upon economic development that construction of the proposed facility for the use of the Academy might be expected to have. The superior court was entitled to assess the credibility of the expert on this point and to give his

opinion testimony as much or as little weight as the superior court deemed appropriate. See Ga. State Indem. Comm. v. Lyons, 256 Ga. 311, 312 (348 SE2d 642) (1986). Although the trial court did not speak in detail about the credibility and weight of this testimony, the trial court did express at the hearing a concern about the extent to which the Authority's proposal would, in fact, benefit the citizens of Greene County. In addition, the trial court seemed to have concerns about several aspects of the way in which the project was proposed to be structured, noting the limited involvement of the Board of Education,[3] that the County was obligated under the proposal to fund the repayment of the indebtedness on the bonds, and that, as soon as that debt was retired, the Academy — a private, nonprofit corporation — would be entitled to purchase the facility for only $1. Taken together, all these concerns would have permitted the trial court to find, as it did, that the Authority's proposal to issue $14 million

_____

[3] The record shows that the Authority previously issued bonds in 2009 to finance the construction of a charter school facility, but the Authority entered into an intergovernmental agreement with the Board of Education in connection with that issuance. The Vice Chairman of the Authority was present at the validation hearing, and, in fact, briefly testified at that hearing when called as a witness by the intervenors. But the Vice Chairman was never questioned by the parties pursuing the validation of the bonds, and they failed to offer any other evidence to assuage the expressed concerns about why the Authority had structured its proposal with only the limited involvement of the Board of Education.

in revenue bonds was not a sound, feasible, and reasonable one, especially considering the cost to the taxpayers of Greene County and that the evidence about the economic benefit of the proposal was not overwhelming. Again, we caution that the record did not demand such a finding. Nevertheless, the record permitted the trial court to find that the proposal was not sound, feasible, and reasonable, and for that reason, we cannot say that the trial court erred when it refused to validate the bonds.[4] Accordingly, we affirm the judgment below.

Judgment affirmed. Thompson, C. J., Hines, P. J., Benham, Hunstein and Melton, JJ., concur. Chief Judge Melodie Snell Conner dissents. Nahmias, J., disqualified.

Decided March 15, 2015.

Bonds. Greene Superior Court. Before Judge Wingfield.

Blasingame Burch Garrard Bryant & Ashley, Richard W. Schmidt, O'Quinn & Cronin, Donald A. Cronin, Jr., Lambert, Reitman & Abney, M.

---

[4] We need not, and do not, address the other grounds upon which the trial court denied validation.

Joseph Reitman, Jr., King & Spalding, L. Joseph Loveland, Jr., Letitia A. McDoanld, Timothy H. Lee, William A. Holby, for appellants.

Fredric D. Bright, District Attorney, Brenda H. Trammell, for appellees.

McKenna Long & Aldridge, Jeremy T. Berry, Benjamin J. Vinson, amici curiae.